(No. 1981—

JACOB H. WRIGHT, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 15, 1935.*

JOHN M. PEFFERS, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

Mr. Justice Linscott delivered the opinion of the court:

This is a claim at law against the State which was filed on September 8, 1932. On the 8th day of March, A. D. 1931, about one o'clock in the morning, the State of Illinois was, through its agents, operating a motor truck driving a snow plow, clearing off the State highway on Route No. 4 between Williamsville and Lincoln, and at that time the claimant was driving a Model T Ford automobile over the same highway in a southerly direction, and claimant avers that it became and was the duty of the State, by its agents, not to allow or permit or cause a motor truck or snow plow to stand and remain upon a public highway during the period of one hour after sunset until sunrise of any day without exhibiting therefrom lighted lamps, as required by the statute.

It is further averred that the claimant, without fault or negligence on his part, and while in the exercise of due care and caution for his own safety, was driving along said highway; that the State, by its agents, wilfully and carelessly disregarded its duty and caused a motor truck and snow plow to stand and remain on a public highway without lights, as provided by statute; that due to lack of lights on said motor truck and snow plow, claimant drove his automobile against and upon said motor truck operating the snow plow, and as a result thereof, his automobile was damaged beyond repair and he received serious injuries, and has been compelled to pay out the sum of $1,395.00 for the services of physicians, surgeons and for medicines in endeavoring to be healed of the said injuries.

There are four counts in the declaration. As to the declaration and all the counts thereof, the Attorney General has made a motion to dismiss, on the grounds that the State, in the construction and maintenance of its roads, acts in the governmental capacity and in the exercise of such governmental functions it does not become liable in actions of tort by reason of the malfeasance, misfeasance or negligence of its officers or agents in the absence of a statute creating such liability. Such has been the settled decision of this court for many years. (See *Morrissey* vs. *State of Illinois*, C. C. R. 2, 454; *Bucholz, Admrx.* vs. *State*, 7 C. C. R. 241, 243, and *Minear* vs. *State Board of Agriculture*, 259 Ill. 549.)

The motion of the Attorney General will, therefore, be sustained.